USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/05/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOHN STONE,

                              Petitioner,        17-CV-8741 (VEC)

            -against-                        ORDER ADOPTING
                                               REPORT AND
THOMAS GRIFFIN, Superintendent,        RECOMMENDATION

                             Respondent.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       On November 9, 2017, Petitioner John Stone filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, *pro se*, challenging his conviction in New York State Supreme Court of first-degree assault and his sentence of twenty-two years followed by five years of supervised release. Petition, Dkt. 1. On January 10, 2018, this Court ordered the Respondent to answer the Petition and referred the action to Magistrate Judge Parker for the preparation of a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). Dkts. 6, 7. On August 29, 2020, Judge Parker issued a report and recommendation, recommending that the Petition be denied. R&R, Dkt. 23.

       In the R&R, Judge Parker notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had 14 days to file written objections to the R&R's findings or 17 days if service was made by mail. R&R, Dkt. 23, at 25. Judge Parker further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. *Id.* (using bold font). On August 31, 2020, the R&R was mailed to the Petitioner and emailed to the Respondent. No objections were filed. For the following reasons, the Court ADOPTS the R&R in full, and the Petition is DENIED.

## BACKGROUND

On February 10, 2010, Lance Smallwood was with Rhonda McClanahan-Stone, Stone's estranged wife, when Smallwood was stabbed a number of times from behind by an individual he recognized as Stone. Mar. 26-28, 2012 Tr., Dkt. 18-16, at 608:14-16, 611:23-613:11, 619:5-13, 622:5-20, 625:18-25. The incident was initially investigated by Detective McCrosson, who spoke to both Mr. Smallwood and Ms. McClanahan-Stone. Mar. 27-29, 2012 Tr., Dkt. 18-17, at 819:16-8:20:20, 826:15-827:6. After these conversations, Detective McCrosson identified Stone as a suspect. *Id.* at 820:2-5, 826:15-826:6. Ms. McClanahan-Stone did not appear to testify at trial, despite efforts by the detectives to locate her. *Id.* at 791:8-9; Mar. 26-28, 2012 Tr., Dkt. 18-16, at 757:6-23. The prosecution instead put Detective McCrosson on the stand. He testified that after speaking with Ms. McClanahan-Stone, he "did several computer checks on the person that had been indicated as a suspect." Mar. 27-29, 2012 Tr., Dkt. 18-17, at 819:21-820:5. Stone objected and moved for a mistrial, claiming that Detective McCrosson was essentially testifying that Ms. McClanahan-Stone had told him that Stone was the assailant, which would be inadmissible hearsay. *Id.* at 822:11-823:4. The trial court denied the motion, *id.* at 823:5-824:12, but gave a limiting instruction, directing the jury to disregard the testimony from the detective that he had spoken to Ms. McClanahan-Stone. *Id.* at 825:24-826:3, 920:20-25.

Following the jury's verdict, Stone moved to set aside the verdict based on an affidavit by his then-fiancé, in which she swore that she saw Mr. Smallwood interact with the jurors after the verdict in a way that implied he had a prior relationship with one of them. Anderson Aff., Dkt. 18-9 ¶ 4. Mr. Smallwood filed his own affidavit claiming he did not know any of the jurors; his affidavit explained the interaction observed by Stone's fiancé as him simply thanking the jurors for making what he felt was the right decision. Smallwood Aff., Dkt. 18-10, Ex. 1, ¶¶ 4, 7. The

trial judge denied the motion without a hearing, finding that Stone's assertions did not give any rise to bias that would warrant vacating the verdict. Decision and Order, Dkt. 18-11 at 3. Stone unsuccessfully appealed his conviction to the Appellate Division and to the New York Court of Appeals. *See People v. Stone*, 121 A.D.3d 617 (1st Dep't 2014), *aff'd*, 29 N.Y.3d 166 (2017).

In his Petition for a Writ of Habeas Corpus, Stone claims that: (1) his rights were violated under the Constitution's Confrontation Clause when the trial court did not declare a mistrial following Detective McCrosson's impermissible testimony; (2) the trial court was wrong to deny his post-conviction motion for a hearing on alleged juror misconduct; and (3) that the weight of the evidence was insufficient to support a conviction and that the prosecution failed to prove the case beyond a reasonable doubt. Petition, Dkt. 1.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When, as here, no party objects to the magistrate judge's report and recommendation, the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note. An error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed." *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

Careful review of the R&R reveals that there is no clear error, and the Court agrees with the recommendation that the Petition be denied. First, with respect to Stone's Confrontation Clause claim, Judge Parker applied the correct legal standard looking to whether the state court

unreasonably applied clearly established federal law. *See* R&R, Dkt. 23 at 9, 12 (citing 28 U.S.C. § 2245(d)(1)-(2)). Judge Parker correctly concluded that the state court was not unreasonable when it found the jury instructions cured any potential prejudice to Stone, negating any constitutional error that might have occurred. *Id.* at 15. Second, with respect to the juror misconduct claim, Judge Parker was correct to find that this cannot be a basis for habeas corpus relief "because federal law does not require states to provide a post-conviction mechanism for seeking relief." *Id.* at 18 (quoting *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011)). Judge Parker was further correct to conclude that even if this claim were construed as one pursuant to the Sixth Amendment's right to an impartial jury, the state court's determination that Stone had not adequately made a showing of juror misconduct to warrant a hearing was not an abuse of discretion and that there was otherwise not a sufficient predicate to raise the specter of a constitutional violation. *Id.* at 21.

Finally, Judge Parker was correct to find that Stone's claims that there was insufficient evidence to support his conviction and that guilt had not been proved beyond a reasonable doubt were not exhausted before the state courts and therefore cannot be a basis for habeas relief absent a demonstration of "cause" and "prejudice" or a showing of actual innocence. *Id.* at 21–23. Stone made no effort to show cause or prejudice. As to actual innocence, as Judge Parker noted, when reviewing Stone's case on direct appeal, the New York Court of Appeals observed, albeit in its harmless error analysis, that Stone had been identified at trial by the victim, who knew him and who testified he was sure of his identification. *Id.* at 23 (citing *Stone*, 29 N.Y.3d at 171). Under those circumstances, even if Stone had attempted to excuse his procedural default by arguing actual innocence, his claim would not have merit. *Id.* at 23–24.

With no clear error in any of Judge Parker's analysis or conclusions, the Court adopts the R&R in full.  Because the R&R gave the parties adequate warning, *see* R&R at 25, Stone's failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate all pending deadlines and motions and close the case.  The Clerk of Court is further directed to mail a copy of this Order to Mr. Stone and note the mailing on the docket.

**SO ORDERED.**

Date:  November 5, 2020
      New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**