USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
JOHN STONE,                                                 :
                                       Petitioner,          :
                                                            :           17-CV-8741 (VEC)
             -against-                                      :
                                                            :           OPINION ADOPTING
THOMAS GRIFFIN, Superintendent,                             :           REPORT AND
                                                            :           RECOMMENDATION
                                       Respondent.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

On November 9, 2017, Petitioner John Stone filed this Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, *pro se*, challenging his conviction in New York State

Supreme Court of first-degree assault and his sentence of twenty-two years followed by five

years of supervised release.  Petition, Dkt. 1.  On January 10, 2018, this Court ordered the

Respondent to answer the Petition and referred the action to Magistrate Judge Parker for the

preparation of a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b).  Dkts. 6,

7.  On August 29, 2020, Judge Parker issued a report and recommendation, recommending that

the Petition be denied.  R&R, Dkt. 23.

In the R&R, Judge Parker notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and

Fed. R. Civ. P. 72(b), they had 14 days to file written objections to the R&R's findings or 17

days if service was made by mail.  R&R, Dkt. 23 at 25.  On November 5, 2020, the Court issued

an Opinion finding no clear error in the R&R, adopting it in full, and denying the Petition.

Opinion, Dkt. 24.

On November 12, 2020, the Court received a letter from Stone stating that he had not

received the R&R by mail.  Letter, Dkt. 26.  On November 16, 2020, the Court vacated its

November 5, 2020 Opinion, mailed the R&R to Stone, and provided him with additional time to
file any objections.  Order, Dkt. 27.  On January 8, 2021, Stone filed objections to the R&R.
Objections, Dkt. 30.  On January 14, 2021, the Government responded to Stone's objections by
noting that they "are essentially an attempt to more thoroughly litigate the claims" in his initial
petition and by resting on the papers previously submitted.  Gov. Response to Objections, Dkt.
32.

For the following reasons, the Court ADOPTS the R&R in full and the Petition is
DENIED.

## BACKGROUND

On February 10, 2010, Lance Smallwood was with Rhonda McClanahan-Stone, Stone's
estranged wife, when Smallwood was stabbed a number of times from behind by an individual
he recognized as Stone.  Mar. 26-28, 2012 Tr., Dkt. 18-16 at 608:14-16, 611:23-613:11, 619:5-
13, 622:5-20, 625:18-25.  The incident was investigated by Detective McCrosson, who spoke to
both Smallwood and McClanahan-Stone.  Mar. 27-29, 2012 Tr., Dkt. 18-17 at 819:16-820:20,
826:15-827:6.  McClanahan-Stone did not appear to testify at trial, despite efforts by the
detectives to locate her.  *Id.* at 791:8-9; Mar. 26-28, 2012 Tr., Dkt. 18-16 at 757:6-23.  The
prosecution did call Detective McCrosson as a witness.  He testified that after speaking with the
officer on the Night Watch and with McClanahan-Stone, he "did several computer checks on the
person that had been indicated as a suspect."  Mar. 27-29, 2012 Tr., Dkt. 18-17 at 819:21-820:5.
Stone objected and moved for a mistrial, claiming that Detective McCrosson was essentially
testifying that McClanahan-Stone had told him that Stone was the assailant, which, he argued,
would be inadmissible hearsay and would violate the Constitution's Confrontation Clause.  *Id.* at
822:11-823:4.  The trial court denied the motion for a mistrial, *id.* at 823:5-824:12, but struck the

testimony from the detective that he had spoken to McClanahan-Stone and instructed the jury to disregard it. *Id.* at 825:24-826:3, 920:20-25.

Following the jury's verdict, Stone moved to set aside the verdict based on an affidavit by his then-fiancé, in which she swore that she saw Smallwood interact with the jurors after the verdict in a manner that implied he had a prior relationship with one of them. Anderson Aff., Dkt. 18-9 ¶ 4. Smallwood filed his own affidavit claiming he did not know any of the jurors; his affidavit explained the interaction observed by Stone's fiancé as him simply thanking the jurors for making what he felt was the right decision. Smallwood Aff., Dkt. 18-10, Ex. 1 ¶¶ 4, 7. The trial judge denied the motion without a hearing, finding that Stone's assertions did not give rise to bias that would warrant vacating the verdict. Decision and Order, Dkt. 18-11 at 3. Stone unsuccessfully appealed his conviction to the Appellate Division and to the New York Court of Appeals. *See People v. Stone*, 121 A.D.3d 617 (1st Dep't 2014), *aff'd*, 29 N.Y.3d 166 (2017).

In his Petition for a Writ of Habeas Corpus, Stone claims that: (1) his rights under the Constitution's Confrontation Clause were violated when the trial court did not declare a mistrial following Detective McCrosson's impermissible testimony; (2) the trial court was wrong to deny his post-conviction motion for a hearing on alleged juror misconduct; and (3) the weight of the evidence was insufficient to support his conviction and the prosecution failed to prove his guilt beyond a reasonable doubt. Petition, Dkt. 1.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the

record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at \*4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Court need not consider arguments and factual assertions contained in the objections that were not raised initially before the magistrate judge. *Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811, at \*4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); *see also Abu–Nassar v. Elders Futures*, 1994 WL 445638, at \*4 n. 2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments."). Accordingly, when new arguments or factual assertions are raised for the first time in objections to an R&R, the Court may decline to consider them.

When specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But such objections "may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at \*2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that the party "simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at \*1 (S.D.N.Y. Nov. 3, 2008); *see also*

*O'Callaghan v. New York Stock Exchange*, No. 12-CV-7247, 2013 WL 3984887, at *1

(S.D.N.Y. Aug. 2, 2013) (collecting cases).

An error is clear when the reviewing court is left with a "definite and firm conviction that

a mistake has been committed." *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)

(quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

## DISCUSSION

A careful review of Stone's objections reveals that they are either new arguments not

raised before Judge Parker, which the Court need not consider as objections at all, or they are

reiterations of old arguments previously made by Stone and properly considered by Judge

Parker.  Accordingly, the Court reviews the R&R for clear error.  Finding no clear error, the

Court adopts the R&R in full and denies the Petition.

### 1. Confrontation Clause Claim

With respect to Stone's Confrontation Clause claim, Judge Parker applied the correct

legal standard by looking to whether the state court unreasonably applied clearly established

federal law.  *See* R&R, Dkt. 23 at 9, 12 (citing 28 U.S.C. § 2254(d)(1)-(2)).  Judge Parker

correctly concluded that the state court was not unreasonable when it found that the jury

instructions cured any potential prejudice to Stone, negating any constitutional error that might

have occurred.  *Id.* at 15.  Judge Parker also was correct when she concluded that the New York

Court of Appeals' ("Court of Appeals") decision that the holding from *Bruton v. United States*,

391 U.S. 123 (1968), did not apply was not unreasonable.  *Id.* at 17.  Accordingly, the Court

finds no clear error in this portion of the R&R.

Stone objects to Judge Parker's Confrontation Clause findings.  He argues that the Court

of Appeals erred when it concluded that *Bruton* did not apply.  Objections, Dkt. 30 at 2–11.

During Stone's trial, the judge gave a limiting instruction directing the jury to disregard the

testimony from Detective McCrosson that he had spoken to McClanahan-Stone.  Mar. 27-29,

2012 Tr., Dkt. 18-17 at 825:24-826:3, 920:20-25.  At his trial and on appeal, Stone argued that a

limiting instruction was insufficient; he argued that his motion for a mistrial should have been

granted because Detective McCrosson essentially testified that McClanahan-Stone had told him

that Stone was the assailant.  Because Stone could not cross-examine her, he argues that

testimony ran afoul of *Bruton*.  *Id.* at 822:11-823:4; *Stone*, 29 N.Y.3d at 172.  But "[f]or

evidence to be of the type that cannot be overcome by curative instructions, the testimony must

be 'powerfully incriminating,'" *Stone*, 29 N.Y.3d at 171 (internal citations omitted).  Stone

argued that Detective McCrosson's testimony was powerfully incriminating under the principles

established in *Bruton*.  In *Bruton*, the Supreme Court held that a non-testifying co-defendant's

statement that incriminates a defendant is so prejudicial that the jury is unlikely to ignore them

even when instructed to do so by the trial judge.  *Bruton*, 391 U.S. at 135–36.  Stone argued on

appeal that McClanahan-Stone's statements were just like the co-defendant's statements in

*Bruton*, and without the opportunity to cross examine her, his rights under the Confrontation

Clause were violated.  *Stone*, 29 N.Y.3d at 172.  The Court of Appeals declined to apply *Bruton*

to Stone's case.  *Id.*

      In the R&R, Judge Parker provided two main reasons[1] why the Court of Appeal's

decision was not an unreasonable application of clearly established law.  R&R, Dkt. 23 at 17.

First, Judge Parker found that the "implication of the Detective's testimony was ambiguous at

---

[1]     Judge Parker gave as an additional reason why *Bruton* did not apply that "the only reason the testimony came up was that Petitioner was potentially going to ask for a jury instruction that Ms. Stone's absence from trial as a witness indicated that her testimony would be helpful to Petitioner, not hurtful."  R&R, Dkt. 23 at 17.  Because Judge Parker did not provide much additional explanation on this point and because there are more than enough other reasons to find that the New York Court of Appeal's decision was not unreasonable, the Court declines to consider this finding.

best," which was unlike the statement in *Bruton*, which "clearly and unambiguously" implicated

the defendant.  R&R, Dkt. 23 at 17; *see also Stone*, 29 N.Y.3d at 172.  And second, she found

that the Court of Appeals was correct to find that any prejudice was harmless "due to the weight

and clarity of the evidence against Petitioner and the unreasonable possibility that the error may

have contributed to the guilty verdict."  R&R, Dkt. 23 at 17.  Stone objects to both of Judge

Parker's findings.

Stone argues that the Detective's testimony was unambiguous, just like in *Bruton*, and

that any finding to the contrary rests on the faulty notion that the jury could have inferred that

Stone was a suspect based on the victim's statements to the police.  Objections, Dkt. 30 at 4.

The Court of Appeals found that while a potential inference from Detective McCrosson's

testimony was that Stone's estranged wife had identified him as the assailant, the jury also could

have inferred that Stone was a suspect based on the victim's statements to the police.  *Stone*, 29

N.Y.3d at 171.  Stone argues that the Court of Appeals got the facts wrong because "[a]t no time

during the complainant's testimony at trial did he testify that he identified Petitioner to the Police

at the hospital."  Objections, Dkt. 30 at 4.  Stone speculates that the Court of Appeals relied on a

statement in the Government's brief that the victim had identified Stone to detectives while he

was at the hospital.  *Id.* at 4.  Stone argues that the Government mischaracterized the record in

making that representation because their citation was to Smallwood's testimony that the police

asked him for Stone's address and "stuff that [he] didn't know."[2]  *Id.* at 4–5 (referencing

Government Brief, Dkt. 18-6 at 6 and Mar. 26-28, 2012 Tr., Dkt. 18-16, at 722).

Upon a careful review of Stone's arguments to the Magistrate Judge, the Court finds that

this is a new argument first raised as part of his objections.  *See* Petition, Dkt 1 (failing to raise

---

[2]     Stone offers no explanation why the police would have asked Smallwood for Stone's address if Smallwood had not identified Stone as the assailant.

this point); Petitioner Reply, Dkt. 22 (same).  Accordingly, this argument is not considered an

objection and the Court need not consider it.  *See United States v. Gladden*, 394 F. Supp. 3d 465,

480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider

new arguments raised in objections to a magistrate judge's report and recommendation that could

have been raised before the magistrate but were not.") (internal citations omitted).

But even upon a *de novo* review of this argument, the Court finds that Judge Parker's

conclusion that Detective McCrosson's testimony was ambiguous remains sound.  As the Court

of Appeals rightly found, Detective McCrosson "did not expressly state that the wife was a

witness and that she had identified defendant as the attacker." *Stone*, 29 N.Y.3d at 171.  This

contrasts sharply with *Bruton*, in which a postal inspector testified that Bruton's co-defendant

had orally confessed that he and Bruton had committed the armed robbery.  *Bruton*, 391 U.S. at

124.

Moreover, even without direct testimony from Smallwood that he told the police that

Stone was the person who stabbed him, the jury could still have inferred that he was the source

of Detective McCrosson's information.  As the Court of Appeals noted, the inference that the

information came from Smallwood "flowed logically from the victim's testimony that the wife

was with the victim when he was attacked by defendant, particularly because the jury heard this

testimony immediately before the detective testified." *Stone*, 29 N.Y.3d. at 172.  Additionally,

as Judge Parker found in her R&R, the trial judge made this same point outside the presence of

the jury immediately following the objectionable testimony.  That judge noted that "it's clear

from the testimony of Mr. Smallwood that he had contact with police or detective much earlier

than [Det. McCrosson's] entry into the investigation, that he had contact with police" when he

was being treated at the hospital.  R&R, Dkt. 23 at 14 (quoting Mar. 27-29, 2012 Tr., Dkt. 18-17

at 823:5-11).  Unlike the Court of Appeals, the trial judge was not relying on a Government brief

that may have mischaracterized the record.  The trial judge heard Smallwood's testimony and

still concluded that the jury could logically infer that Detective McCrosson had learned about

Stone from Smallwood's interactions with law enforcement and not from Stone's wife.

Stone also objects to Judge Parker's conclusion that the Court of Appeals correctly found

that any prejudice from this testimony was harmless because of the overall strength of the

Government's case against Stone.  Objections, Dkt. 30 at 8–11 (citing R&R, Dkt. 23 at 17).

Stone objects by calling into question the strength of Smallwood's identification of him as the

assailant.  He points out that Smallwood testified that he only saw the side profile of the attacker

from ten to twelve feet away, that the attacker was wearing a hooded sweatshirt, and that it was

likely dark outside.  Objections, Dkt. 30 at 9–10 (citing portions of the trial transcript).[3]

These too are new arguments not made to the Magistrate Judge, and, accordingly, the

Court is not required to consider them.  But even upon a *de novo* review, it was not unreasonable

for the Court of Appeals to conclude that the case against Stone was sufficiently strong that any

error by the trial judge in admitting the detective's testimony was harmless.  The Court of

Appeals determined that "there is no reasonable possibility that the error contributed to the guilty

verdict, even in this single eyewitness case, where the victim knew defendant and had no doubt

that defendant was the attacker." *Stone*, 29 N.Y.3d at 171.  As Judge Parker pointed out in her

R&R, Smallwood testified that he "recognized the assailant as Petitioner, having seen him

previously in person and in photos throughout Ms. Stone's home."  R&R, Dkt. 23 at 2 (citing

Mar. 26-28, 2012 Tr., Dkt. 18-16 at 611:23-613:11, 619:5-13).  Even accepting Stone's argument

that Smallwood saw the assailant only in profile, at night, from about ten to twelve feet, the fact

---

[3]     He also notes that McClanahan-Stone changed her story and later denied seeing Stone at the site of the
assault.  *Id.*  Stone does not explain the relevance of that fact inasmuch as McClanahan-Stone was not a trial witness.

remains that Smallwood was identifying someone he knew.  Under these circumstances, the

Court finds that it was not unreasonable for the Court of Appeals to conclude that even if the trial

court had erred, such an error was harmless.

For the reasons discussed above, the Court adopts the R&R's finding that the Court of

Appeals did not unreasonably apply clearly established federal law when it concluded that

*Bruton* did not require reversal of Stone's conviction.

### 2.  Juror Misconduct Claim

With respect to the claim that Stone's rights were violated when the trial judge refused to

conduct a hearing on his juror misconduct claim, Judge Parker was correct to find that this

cannot be a basis for habeas corpus relief "because federal law does not require states to provide

a post-conviction mechanism for seeking relief."  R&R, Dkt. 23 at 18 (quoting *Word v. Lord*,

648 F.3d 129, 132 (2d Cir. 2011)).  Judge Parker was further correct to conclude that even if this

claim were construed as one pursuant to the Sixth Amendment's right to an impartial jury, the

state court's determination that Stone had not made an adequate showing of juror misconduct to

warrant a hearing was not an abuse of discretion and that there was otherwise not a sufficient

predicate to raise the specter of a constitutional violation.  *Id.* at 21.

Stone objects to Judge Parker's finding that the claimed error is not subject to habeas

review.  Objections, Dkt. 30 at 11–16.  But Stone's objection in conclusory and says nothing to

counter Judge Parker's finding that "federal law is clear that claims of allegations of errors in

state court post-conviction proceedings, 'are not grounds for § 2254 review because federal law

does not require states to provide a post-conviction mechanism for seeking relief.'"  R&R, Dkt.

23 at 18 (citing *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011).  Because Stone did not include

any reasoning to support his claim that the Magistrate Judge erred when she found that the Court

lacked authority to review the trial court's denial of his motion for a hearing on the alleged juror misconduct, the Court reviews Judge Parker's conclusions for clear error.  Finding none, the Court adopts this finding.

Stone argues that he had a proper basis for habeas review because his claim could also be construed as a violation of his Sixth Amendment right to a trial by an impartial jury of his peers. Objections, Dkt. 30 at 12–13.  But Judge Parker *sua sponte* considered this argument in her R&R, noting that "the Petition can also be read to assert a violation of Petitioner's Sixth Amendment right . . . ."  R&R, Dkt. 23 at 19.  Judge Parker thoroughly reviewed Stone's juror misconduct arguments and concluded that the "Court of Appeal's determination that the juror misconduct claim was without merit was not an unreasonable application of law or determination of fact."  R&R, Dkt. 23 at 19–21.

In his objection, Stone raises the same arguments to support his claim of juror misconduct as he presented to the Magistrate Judge.  *Compare* Petitioner Reply, Dkt. 22 at 3–4, 9–10, M9–M12 *with* Objections, Dkt. 30 at 11–16.  The relative strength of these arguments is no different now that he has framed them as a violation of the Sixth Amendment.  The Court reviews repetitive arguments strictly for clear error.  *See IndyMac Bank, F.S.B.*, 2008 WL 4810043, at *1.  Finding no clear error in Judge Parker's analysis, the Court adopts her finding that Stone did not demonstrate a Sixth Amendment violation.

### 3.  Weight of the Evidence Claim

Stone did not object to Judge Parker's findings on his third claim, that there was insufficient evidence presented at trial to support his conviction and that the prosecutor did not prove Stone's guilt beyond a reasonable doubt.  To the extent that Stone did raise objections on this point, they were in the context of his arguments concerning the Confrontation Clause.  For

the reasons provided above, the Court finds that the state court did not unreasonably apply

clearly established law when it concluded that the case against Stone was sufficiently strong that

any error by the trial judge in this regard was harmless.  Without any objection to Judge Parker's

analysis of this claim in her R&R, Dkt. 23 at 21–24, the Court reviews Judge's Parker's findings

for clear error.

Judge Parker was correct to find that Stone's claims that there was insufficient evidence

to support his conviction and that guilt was not been proven beyond a reasonable doubt were not

exhausted before the state courts and therefore cannot be a basis for habeas relief absent a

demonstration of "cause" and "prejudice" or a showing of actual innocence.  *Id.* at 21–23.  Stone

made no effort to show cause or prejudice.  As to actual innocence, as Judge Parker noted, when

reviewing Stone's case on direct appeal, the Court of Appeals observed, albeit in its harmless

error analysis, that Stone had been identified at trial by the victim, who knew him and who

testified he was sure of his identification.  *Id.* at 23 (citing *Stone*, 29 N.Y.3d at 171).  Under those

circumstances, even if Stone had attempted to excuse his procedural default by arguing actual

innocence, his claim would not have merit.  *Id.* at 23–24.  With no clear error in Judge Parker's

analysis or conclusions, the Court adopts this section of Judge Parker's R&R.

## CONCLUSION

For the reasons discussed above, the Court adopts Judge Parker's R&R in full and

Stone's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk of Court is respectfully directed to terminate all pending deadlines and motions

and close the case.  The Clerk of Court is further directed to mail a copy of this Opinion to Mr.

Stone and note the mailing on the docket.

**SO ORDERED.**

**Date:  February 4, 2021**
      **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**